```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
ANACELY SOTO, et al.,         )
                              )
        Plaintiffs,           )
v.                            ) Civil Action No. 05-10985-MEL
                              )
UNITED STATES, et al.         )
        Defendants.           )
_____)
```

**DEFENDANT'S ANSWER TO COMPLAINT**

The defendant, United States of America ("Defendant"), responds to the complaint of plaintiffs Anacely Soto, ppa Ana Matos Soto and Ana Matos Soto, individually ("Plaintiffs") as follows:

COUNT I

1. Defendant lacks sufficient information to admit or deny plaintiff's place of residence.

2. Defendant denies that Ann Abbott was an employee of Joseph M. Smith Community Health Center, Inc. ("Health Center"), or that Ms. Abbot has been deemed eligible for protection under the Federal Tort Claims Act pursuant to 42 U.S.C. § 233.

3. This is a characterization of the action that requires no answer.

4. Defendant denies that FTCA jurisdiction is applicable.

5. Denied.

6. Denied.  Further responding, Defendant asserts that there is

1

no FTCA covered employee who was involved in the care and treatment of plaintiffs on July 18, 2003 through July 19, 2003.

7. Denied.

8. Denied.

The United States opposes the prayer for relief against the defendant.

## COUNT II

1. Same answer as stated in Defendant's response to Count I.

2. This is a characterization of the action that requires no answer.

3. Denied.

The United States opposes the prayer for relief against the defendant.

## COUNT III

1. Defendant lacks sufficient information to admit or deny.

2. Admitted.

3. This is a characterization of the action that requires no answer.

4. Denied. Further responding, Defendant denies that the United States was involved in or responsible for the treatment of plaintiffs on July 18, 2003 through July 19, 2003, as the Health Center was not involved in the care and treatment of plaintiffs on July 18, 2003 through July 19, 2003.

5. Denied.

6. Denied.

The United States opposes the prayer for relief against the defendant.

## COUNT IV

1. Same answer as stated in Defendant's response to Count I.

2. Denied. Further responding, Defendant denies that it had any involvement in or responsibility for the treatment of plaintiffs on July 18, 2003 through July 19, 2003.

3. Denied. Further responding, Defendant denies that it had any involvement in or responsibility for the treatment of plaintiffs on July 18, 2003 through July 19, 2003.

4. Denied. Further responding, Defendant denies that it had any involvement in or responsibility for the treatment of plaintiffs on July 18, 2003 through July 19, 2003.

5. Denied. Further responding, Defendant denies that it had any involvement in or responsibility for the treatment of plaintiffs on July 18, 2003 through July 19, 2003.

6. Denied.

7. Denied.

The United States opposes the prayer for relief against the defendant.

## COUNT V

1. Same answer as stated in Defendant's response to Count IV.

2. This is a characterization of the action that requires no

answer.

3. Denied.

The United States opposes the prayer for relief against the defendant.

## COUNT VI

1. Defendant lacks sufficient information to admit or deny plaintiff's place of residence.

2. Defendant denies that Ann Abbott was at any time relevant to this complaint an employee, or deemed employee, of the United States.

3. Defendant denies that Ann Abbott was at any time relevant to this complaint an employee, or deemed employee, of the United States.

4. Denied.

5. Denied.

6. Denied.

The United States opposes the prayer for relief against the defendant.

## COUNT VII

1. Same answer as stated in Defendant's response to Count VI.

2. Denied. Further responding, Defendant denies that it had any involvement in or responsibility for the treatment of plaintiffs on July 18, 2003 through July 19, 2003.

3.  Denied.  Further responding, Defendant denies that it had any involvement in or responsibility for the treatment of plaintiffs on July 18, 2003 through July 19, 2003.  Further, Defendant denies that Ann Abbott was at any time relevant to this complaint an employee, or deemed employee, of the United States.

4.  Denied.  Further responding, Defendant denies that it had any involvement in or responsibility for the treatment of plaintiffs on July 18, 2003 through July 19, 2003.  Further, Defendant denies that Ann Abbott was at any time relevant to this complaint an employee, or deemed employee, of the United States.

5.  Denied.  Further responding, Defendant denies that it had any involvement in or responsibility for the treatment of plaintiffs on July 18, 2003 through July 19, 2003.  Further, Defendant denies that Ann Abbott was at any time relevant to this complaint an employee, or deemed employee, of the United States.

6.  Denied.  Further responding, Defendant denies that it had any involvement in or responsibility for the treatment of plaintiffs on July 18, 2003 through July 19, 2003.

7.  Denied.

The United States opposes the prayer for relief against the defendant.

## COUNT VIII

1.  Defendant lacks sufficient information to admit or deny plaintiff's place of residence.

2. Denied. Further responding, Defendant denies that Ann Abbott was at any time relevant to this complaint an employee, or deemed employee, of the United States.

3. Same answer as stated in response to previous Counts.

4. The United States denies negligence and denies that Ann Abbott was an employee, or deemed employee, of the United States.

The United States opposes the prayer for relief against the defendant.

## COUNT IX

1. Defendant lacks sufficient information to admit or deny plaintiff's place of residence.

2. The United States is without sufficient information to admit or deny.

3. The United States is without sufficient information to admit or deny.

4. The United States is without sufficient information to admit or deny.

5. The United States is without sufficient information to admit or deny and denies any responsibility.

6. The United States is without sufficient information to admit or deny and denies any responsibility.

## COUNT X

1. Same answer as stated in response to Count IX.

2. Denied. Further responding, Defendant denies that it had any involvement in or responsibility for the treatment of plaintiffs on July 18, 2003 through July 19, 2003.

3. The United States is without sufficient information to admit or deny and denies any responsibility.

4. The United States is without sufficient information to admit or deny and denies any responsibility.

5. The United States is without sufficient information to admit or deny and denies any responsibility.

6. The United States is without sufficient information to admit or deny and denies any responsibility.

7. The United States is without sufficient information to admit or deny and denies any responsibility.

## COUNT XI

1. Defendant lacks sufficient information to admit or deny plaintiff's place of residence.

2. The United States is without sufficient information to admit or deny.

3. Same answer as stated in response to previous Counts.

4. The United States is without sufficient information to admit or deny and denies any responsibility.

## FIRST AFFIRMATIVE DEFENSE

The United States asserts that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The United States asserts that Plaintiff is not entitled to a jury trial as to any claim against the United States. 28 U.S.C. § 2402.

### THIRD AFFIRMATIVE DEFENSE

The United States asserts that attorney's fees are taken out of any judgment or settlement and are governed by statute. 28 U.S.C. § 2678.

### FOURTH AFFIRMATIVE DEFENSE

The United States asserts that it is not liable for prejudgment interest.  28 U.S.C. § 2674.

### FIFTH AFFIRMATIVE DEFENSE

The United States asserts that Plaintiff is limited to the amount of damages set out in the administrative claim.  28 U.S.C. § 2675(b).

### SIXTH AFFIRMATIVE DEFENSE

The United States asserts that the injuries claimed Plaintiffs were caused by others over whom this defendant has no control, and not by any negligent act or omission of the United States.

### SEVENTH AFFIRMATIVE DEFENSE

The United States asserts that the injuries and/or damages alleged in the Complaint were proximately caused by the act or omission of persons other than employees of the United States.

### EIGHTH AFFIRMATIVE DEFENSE

The United States asserts that any recovery is subject to the availability of appropriated funds.

>Respectfully submitted,
>
>UNITED STATES OF AMERICA,
>
>By its Attorneys,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ Gina Y. Walcott-Torres
>    Gina Y. Walcott-Torres
>    Assistant U.S. Attorney
>    John J. Moakley U.S. Courthouse
>    1 Courthouse Way, Suite 9200
>    Boston, MA  02210
>    (617) 748-3369

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon counsel of record in this action on this date.

>/s/ Gina Y. Walcott-Torres
>Gina Y. Walcott-Torres
>Assistant U.S. Attorney

Dated: August 1, 2005